**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE DIAZ,

        Petitioner-Appellant,

v.

HANK GALETKA, Warden,
Utah State Prison,

        Respondent-Appellee.

No. 97-4158
(D.C. No. 97-CV-357)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On May 7, 1997, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a 1992 Utah state court conviction. The magistrate judge to whom the federal petition was referred recommended that it be dismissed for failure to comply with the one-year limitation period provided in 28 U.S.C. § 2244(d)(1), which was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996. Petitioner filed objections to the recommendation, raising several constitutional challenges to the application of the limitations period. Petitioner also argued that commencement of the limitations period should be delayed pursuant to § 2244(d)(1)(B) because an unconstitutional state-created impediment prevented him from filing his habeas petition. The district court rejected petitioner's constitutional challenges to the statute of limitations, but did not directly address his argument about the delayed commencement of the limitations period. The court dismissed the action as untimely.

Before petitioner can proceed on appeal, he must obtain a certificate of appealability from this court, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Our review of this matter was made more difficult by the district court's failure to address petitioner's argument about the commencement date of the limitations period under § 2244(d)(1)(B). Nonetheless, our thorough review of the record and petitioner's appellate brief

leads us to conclude that petitioner has not shown the district court's disposition of his habeas petition to be debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.     <u>See</u> <u>Gallagher v. Hannigan</u>, 24 F.3d 68, 68 (10th Cir. 1994) (discussing how to make substantial showing of denial of constitutional right).

Therefore, a certificate of appealability is DENIED, and the appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge